IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES GREENLAND, | : |
| | : CIVIL ACTION NO.: _____ |
| Plaintiff, | : |
| v. | : JURY TRIAL DEMANDED |
| WAL-MART STORES EAST, LP, | : |
| Defendant. | : |

# COMPLAINT

Plaintiff, James Greenland, a resident of Blair County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendant, Wal-Mart Stores East, LP, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* (the "ADAAA"), and 28 U.S.C. §§1331, 1343, and 1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff, James Greenland ("Plaintiff"), is an adult individual residing at 1002 4th Avenue, 1st Floor, Altoona, Blair County, Pennsylvania.

4. Defendant, Wal-Mart Stores East, LP (hereinafter referred to as "Defendant") is a Delaware corporation and maintains its headquarters at 702 SW 8th Street, Bentonville, Benton County, Arkansas. Defendant operates a nationwide chain of retail stores; pertinently, Defendant operates the Walmart Supercenter Ebensburg located at 300 Walmart Drive, Edensburg, Cambria County, Pennsylvania.

5. At all times relevant and material hereto, Defendant was an employer as defined in the ADAAA.

## ADMINISTRATIVE PROCEEDINGS

6. On or about August 11, 2017, Plaintiff filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Case No. 533-2017-01256, with instruction to be cross-filed by the EEOC with the Pennsylvania Human Relations Commission ("PHRC") for purposes of being dual filing with the PHRC.

7. Plaintiff has been advised of his right to sue in federal court, which notice was received on or about November 30, 2018.

8. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

9. By April of 2017, Plaintiff had been employed by Defendant for approximately twenty-six (26) years and had risen through the ranks to Assistant Manager.

10. In 2015, Plaintiff suffered a mini-stroke, which left him unable to properly focus his attention.

11. Plaintiff duly notified Defendant of his condition, continued treatment, and residual effects and Defendant was fully informed of Plaintiff's disability and its effects at all times material hereto.

12. On or about March 24, 2017, Plaintiff permitted a recently-promoted Grocery Support Manager (formerly a Sporting Goods Manager), to perform a firearms transaction.

13. According to Defendant's policy, these types of transactions can only be performed by certain qualified individuals: Grocery Support Managers are not authorized to perform such transactions whereas Assistant Managers and Sporting Goods Managers are.

14. Because of Plaintiff's condition, he did not realize that he had committed an error of judgment until later.

15. When Plaintiff became aware of his error, he informed Defendant and requested the reasonable accommodation that he not be assigned to firearms transactions.

16. Instead, on or about April 3, 2017, Defendant terminated Plaintiff immediately for "Gross Misconduct."

17. Upon information and belief, Defendant did not terminate any other employee involved in the incident. Specifically and pertinently, the Grocery Support Manager who performed the transaction was not terminated.

18. Upon information and belief, the Grocery Support Manager who performed the transaction is not disabled and has no record of disability.

19. At no time did Defendant attempt to engage in the interactive process with Plaintiff or make any effort to accommodate his disability.

20. Defendant's discrimination based upon Plaintiff's actual disability, including his termination, violated Plaintiff's rights under the ADAAA.

## COUNT I

### Violations of the ADAAA - Discrimination

21. All prior paragraphs are incorporated herein as if set forth fully below.

22. Plaintiff is within the protective class of individuals as designated by the ADAAA because he was disabled as a result of his mini-stroke.

23. Plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

24. The ADAAA prohibits employers from discriminating against employees because of a disability or a record of a disability.

25. Defendant violated the ADAAA and committed illegal discrimination by failing to engage in the interactive process and terminating Plaintiff because of an error he made as a result of his disability.

26. The illegal discrimination is based on whole or in part upon Plaintiff's disability.

27. As a direct and proximate result of the conduct of Defendant in violating the ADAAA by discriminating against Plaintiff on the basis of his disability, Plaintiff has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, James Greenland, respectfully requests that this Honorable Court declare the conduct engaged in by Defendant, Wal-Mart Stores East, LP, to be a violation of his rights under the ADAAA, and award all compensatory damages, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, liquidated damages for intentional, willful,

malicious, reckless, outrageous conduct, damages for emotional distress, punitive damages, reasonable attorneys fees and costs incurred herein, and any pre and/or post judgment interest on all money awarded in damages for delay.

## COUNT II

### Violations of the PHRA
### Failure to Provide Reasonable Accommodation

28. All prior paragraphs are incorporated herein as if set forth fully below.

29. This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

30. By discriminating against and failing to accommodate Plaintiff on the basis of his disability, Defendant violated his state rights under the PHRA, which prohibits discrimination based upon a disability with respect to the continuation and tenure of employment.

31. As more fully set forth in Count I, Plaintiff has suffered directly and solely as a result of Defendant's action, great pecuniary loss, damage, and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Plaintiff, James Greenland, respectfully prays that judgment be entered in his favor and against Defendant, Wal-Mart Stores East, LP, for the violation of his rights under the PHRA, and award all of the relief sought in Count I, *supra*, and such other and further relief provided by the PHRA, together with an award of attorneys' fees and costs of suit.

## *DEMAND FOR JURY*

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

Weisberg Cummings, P.C.

January 11, 2019
Date

/s/ *Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

/s/ *Stephen P. Gunther*
Stephen P. Gunther (PA 324203)
sgunther@weisbergcummings.com

/s/ *Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

/s/ *Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

2704 Commerce Drive
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*